UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JUDITH R. DeMARINO,** | CASE NO.  1:07CV533 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | **OPINION AND ORDER** |
| **LORAIN COUNTY COMMUNITY COLLEGE, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff Judith DeMarino to Remand.  For the reasons that follow, the motion is denied.

## I. FACTUAL BACKGROUND

On July 26, 2006, Plaintiff commenced a civil action in Lorain County Common Pleas Court against Defendants, Lorain County Community College; Board of Trustees of Lorain County Community College; Theodora Scott; and Generosa Lopez-Molina, seeking declaratory and other relief for alleged unlawful discrimination and harassment in violation of Ohio Revised Code Section 4112.02.  On February 1, 2007, Lorain County Common Pleas

Judge Mark Betleski granted Plaintiff leave to file her Amended Complaint, containing seven causes of action. The Fourth Cause of Action alleges in pertinent part:

> "59. Plaintiff further says that she has been deprived by Defendant Lorain County Community College and/or Defendant Theodora Scott and/or Defendant Generosa Lopez-Molina and/or Defendant Board of Trustees of Lorain County Community College her right to continued employment in violation of 42 U.S.C. 1983."
>
> "60. Plaintiff further says that the Defendant(s) have conspired against her unilaterally and in concert to deprive her of her right to continued employment as protected by the Fourteenth Amendment of the United States Constitution [sic] equal protection clause pertaining to state employees."
>
> "61. As a result of Defendant Lorain County Community College and/or Defendant Theodora Scott and/or its Defendant Board of Trustees' violation of 42 U.S.C. 1983 in depriving the Plaintiff of her employment and conspiring against her to deprive her of her rights and entitlements in violation of 42 U.S.C. 1985, Plaintiff has been damaged and expects to incur further damage in the future."
>
> "62. As a result of Defendant Lorain County Community College and/or Defendant Theodora Scott and/or Defendant Generosa Lopez-Molina and/or Defendant Board of Trustees of Lorain County Community College's willful, wanton and malicious acts or conduct in violation of 42 U.S.C. 1983 and/or 1985, Plaintiff has been damaged and expects to incur further damage in the future."

Defendants timely filed their Notice of Removal on February 23, 2007. Plaintiff moves for remand, contending: (1) the case was removed improvidently and without jurisdiction; (2) Plaintiff's claims for age and disability discrimination and intentional infliction of mental distress are based upon state law; (3) there is concurrent jurisdiction in state or federal court over Plaintiff's cause of action under 42 U.S.C. 1983 for deprivation or interference with continued employment as guaranteed by the Fourteenth Amendment for state or political subdivision employees; and (4) Plaintiff has not pleaded a federal claim sufficient to confer original federal jurisdiction.

## II. LAW AND ANALYSIS

**Standard of Review**

Defendants' Notice of Removal is based upon 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right *arising under* the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." (Emphasis added). District courts have original jurisdiction over "actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (Emphasis added). Whether or not a complaint arises under federal law must be determined by applying the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Loftis v. United Parcel Serv., Inc.*, 342 F. 3d 509, 514 (6th Cir. 2003). For purposes of jurisdiction, a claim arises under federal law only if plaintiff's statement of the cause of action on the face of plaintiff's properly pleaded complaint affirmatively shows it is based on federal law or that federal law creates the cause of action. *Caterpillar*, 482 U.S. at 392; *Thornton v. Southwest Detroit Hosp.*, 895 F. 2d 1131, 1133 (6th Cir. 1990).

In her Fourth Cause of Action, Plaintiff asserts claims arising under the Federal Constitution and the laws of the United States. Plaintiff specifically alleges Defendants deprived her of her right to continued employment as protected by the Equal Protection Clause in the Fourteenth Amendment to the United States Constitution, and that Defendants conspired to deprive her of this right, all in violation of 42 U.S.C. §§ 1983 and 1985. Plaintiff seeks remand on the basis that the state court possesses concurrent jurisdiction over such claims. "[A] § 1983 claim may be removed to federal court even though state courts have

concurrent jurisdiction over such claims." *See Dorsey v. City of Detroit*, 858 F. 2d 338, 341 (6th Cir. 1988); *Legard v. Lorain City School District*, No. 1:06CV0716, 2007 WL 210409, at *4 (N.D. Ohio Jan. 24, 2007).

Plaintiff also contends state law claims predominate in this action; so remand of the entire matter is authorized. The Court's proper focus is upon the legal rights involved, not the underlying facts themselves. Both Plaintiff's state and federal law claims are based upon the alleged deprivation of her right to be free of discrimination and her alleged right to continued employment. All her asserted claims arise from one set of operative facts. Further, although Plaintiff's state and federal claims are intertwined factually, Plaintiff's §1983 and §1985 claims require her to satisfy elements of proof delineated by federal statute. Consequently, state law claims cannot predominate.

Plaintiff originally initiated her lawsuit in state court, seeking solely state law relief. Tellingly, she moved to amend and avail herself of the remedies offered under the Fourteenth Amendment to the United States Constitution, as well as under the United States Code. The Court holds the plain language of Plaintiff's Amended Complaint is sufficient to state a federal claim and to confer subject matter jurisdiction upon this Court. Furthermore, this Court may retain jurisdiction over any pendent state law causes of action.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1331, this Court possesses original jurisdiction over the claims of Plaintiff Judith R. DeMarino "arising under the Constitution, laws, or treaties of the United States." Upon application of the "well-pleaded complaint" rule, Plaintiff's Amended Complaint recites a federal claim. State claims do not predominate; and this Court may

exercise supplemental jurisdiction over related Ohio causes of action.  Therefore, Plaintiff's Motion to Remand is denied.  Since Defendants properly removed this action, Plaintiff's request for an award of costs and attorney fees under U.S.C. § 1447(c) is denied.

      **IT IS SO ORDERED.**

      **DATE: May 18, 2007**

       **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**