IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH DeMARINO, | ) | CASE NO. 1:07CV533 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE HEMANN |
| | ) | |
| | ) | |
| LORAIN COUNTY COMMUNITY | ) | |
| COLLEGE, *et al.* | ) | **REPORT AND RECOMMENDATION** |
| | ) | Docket #7 |
| | ) | |
| Defendant(s) | ) | |

This case is before the magistrate judge on referral. Pending is the motion of defendants Lorain County Community College ("the college"), the Board of Trustees for the College ("trustees"), Theodora Scott ("Scott"), and Generosa Lopez-Molina ("Lopez-Molina") to dismiss a portion of count four of the complaint against them. (Docket #7). Plaintiff, Judith DeMarino ("DeMarino"), opposes the motion ("Pl. opp."; Docket #13). For the reasons stated below, the magistrate judge recommends that the court grant defendants' motion.

I.

The court reviews the facts, as it must, in the light most favorable to DeMarino. DeMarino alleges the following in her Amended Complaint. Notice of Removal (Docket #1), Exh. 1, p. 2.

DeMarino is a white female between the ages of 40 and 65 and a Licensed Practical Nurse. DeMarino worked part-time for the college from 1993 to 2000 in the Student Development Department. According to DeMarino, she received exemplary performance evaluations from her supervisor during this period.

In about 2000, DeMarino took a leave of absence. When she returned to the college in 2001, she was placed in the Special Needs Office on a part-time basis. DeMarino asserts that she received better-than-satisfactory evaluations from her supervisor, Ruth Porter ("Porter"), after she began working in the Special Needs Office. She also alleges that Lopez-Molina promised her that she would be given full-time employment by the college.

Porter retired in 2004, and DeMarino assumed most of Porter's duties. These duties included reading the medical records of students with learning difficulties and recommending accommodations to deal with those difficulties. DeMarino asserts that she performed her duties successfully.

DeMarino suffered a major stroke in 2004, is subject to transient ischemic attacks, and is asthmatic. Her physician allowed her to return to work after her 2004 stroke, however, and found that she can perform the essential functions of her job.

According to DeMarino, Scott began to absent herself from work for long periods of time beginning in July 2004. DeMarino contends that when Lopez-Molina asked Scott about the backlog of work that developed due to these absences, Scott blamed DeMarino for the problem. DeMarino also alleges that Scott (1) called her "inept" and "stupid" in front of students and other employees; (2) declared that DeMarino was not the right person for the job; (3) told students not to deal with DeMarino because she was only a secretary; (4)

2

reduced her duties and responsibilities; (5) told her on several occasions after DeMarino suffered a stroke that she should retire; (6) ordered her to take a hearing examination even though there was nothing wrong with her hearing; (7) threatened to send DeMarino home or terminate her; (8) so belittled and berated DeMarino during her May 2006 performance evaluation that DeMarino suffered an asthma attack; (9) said that DeMarino was unqualified for her position; (10) said that DeMarino constantly forgets important things, cannot be trusted, and should not be allowed to make decisions; and (11) recommended DeMarino's transfer to substantially inferior positions at the college. DeMarino alleges that Scott treated her in this manner because of her race, age, and disability. As evidence of Scott's impermissible motives, DeMarino asserts that Scott has said that she would prefer black students over white, that all whites look alike, and that men are boneheads.

DeMarino also asserts that Lopez-Molina has treated her worse than younger employees by not giving her necessary computer training and refusing to give her a promised full-time position. According to DeMarino, Scott treated her in this manner because of her race, age, and disability.

Demarino filed complaints regarding her treatment but, she contends, these complaints were ignored.

Eventually, the college allegedly transferred DeMarino to a substantially inferior position and replaced her in the Special Needs Office with a younger woman. DeMarino alleges that she has been denied reasonable accommodations required by her disabilities and that she has suffered strokes and asthma attacks as a result of defendants' treatment of her.

DeMarino filed an action against defendants in state court on July 26, 2006, alleging

violations of Ohio Rev. Code Ch. 4112, 42 U.S.C § 1983, and 42 U.S.C. § 1985 ("§ 1985") and intentional infliction of emotional distress. On February 23, 2007, defendants removed the action to federal court. Defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) ("R. 12(b)(6)") to dismiss that portion of count four of DeMarino's Amended Complaint alleging a conspiracy to abridge DeMarino's right to equal protection in violation of § 1985.

II.

In deciding a motion to dismiss pursuant to R. 12(b)(6), the court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Gausmann v. City of Ashland*, 926 F. Supp. 635, 638 (N.D. Ohio 1996) (citations omitted). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements") (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 at 596 (1969)). The complaint must be dismissed if it fails to allege or infer facts consistent with all material elements necessary to sustain recovery. *Bell Atlantic Corp. V. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1968-69 (2007).

While the complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests, it need not set down in detail all the particularities of the claim. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). However, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair

to assume that those facts do not exist." *Scheid*, 859 F.2d at 436 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

III.

Defendants argue that DeMarino's fourth cause of action should be dismissed because an entity cannot conspire with its own agents or employees and DeMarino fails to allege sufficient facts properly to plead a conspiracy. DeMarino denies that she has failed to allege sufficient facts properly to plead a conspiracy.[1]

Section 1985(3) provides in relevant part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is . . . deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

A plaintiff alleging a conspiracy in violation of § 1985(3) must prove "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*,

---

[1] Defendants claim that DeMarino argues that because Scott and Lopez-Molina were acting outside of the scope of their employment they are capable of forming a conspiracy with the college and its trustees. Defendants err. DeMarino argues that defendants *do not enjoy qualified immunity* because they were acting outside the scope of their employment. *See* Pl. opp. at 4-5. Defendants are correct, however, that as DeMarino's Amended Complaint repeatedly alleges that the defendants were acting within the scope of their employment when they violated her civil rights, any argument that defendants were acting outside of the scope of their employment would not be heard by the court. *See* Reply (Docket #17), pp. 3-4.

40 F.3d 837, 839 (6th Cir. 1994). In cases brought pursuant to § 1985(3), an entity cannot conspire with its own agents or employees, *United Food & Commercial Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 753 (6th Cir. 2004), unless those agents or employees are acting outside the scope of their employment, *Johnson*, 40 F.3d at 841. Thus, where "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991).

DeMarino alleges that Scott, Lopez-Molina, the trustees, and the college conspired to violate her right to equal protection. The college employs Scott and Lopez-Molina, and the trustees are members of the college as a collective entity. Thus, DeMarino has not named as defendants two or more persons who might form a conspiracy. Having failed to name two or more persons who might form a conspiracy, DeMarino has failed to state pursuant to § 1985 a cause of action upon which relief might be granted.

IV.

For the above reasons the magistrate judge recommends that the court grant defendants' motion and dismiss that portion of DeMarino's fourth cause of action alleging a conspiracy to violate her right to equal protection in violation of § 1985.


Dated: July 19, 2007                      /s/Patricia A. Hemann
                                          Patricia A. Hemann
                                          United States Magistrate Judge


**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk

of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).